FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 22, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEWAYNE JUHNKE, an individual, and JOHN DRUMMOND, an individual,<br><br>                        Plaintiffs,<br><br>v.<br><br>CITY OF WEST RICHLAND,<br><br>                        Defendant. | NO: 4:20-CV-05241-RMP<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

BEFORE THE COURT is a Motion for Reconsideration by Plaintiffs DeWayne Juhnke and John Drummond, ECF No. 52. The Court has reviewed Plaintiffs' Motion, ECF No. 52, and declaration, ECF No. 53; Defendant City of West Richland's (the "City's") response in opposition, ECF No. 54; Plaintiffs' reply, ECF No. 55, and declaration, ECF No. 56; the remaining record; the relevant law; and is fully informed.

/ / /

/ / /

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 1

# BACKGROUND

The Court presumes familiarity with the background and procedural history of this case, as recited in the summary judgment order (the "January 26, 2022 Order"). *See* ECF No. 50. The January 26, 2022 Order directed entry of judgment for Defendant on all of Plaintiffs' claims, which consisted of federal and Washington State unconstitutional taking and inverse condemnation claims. ECF No. 50 at 23. In reaching that resolution, the Court found that there was no binding or persuasive authority to support the Plaintiffs' assertion that the offers of public dedication contained in the land patents conveying the lots presently owned by Plaintiffs were revoked prior to the City's acceptance of them. *Id.*

Plaintiffs filed the instant Motion for Reconsideration on February 24, 2022. ECF No. 52. Plaintiffs maintain that the Court "mistakenly concluded that the reserved right-of-ways ('ROWs') found in the various federal land patents (the 'Patents') granted by the United States of America to the prior owners of the Plaintiffs' properties were not extinguished by the Termination of Small Tract Classification on November 18, 2021." ECF No. 55 at 3. Plaintiffs argue that the Court also erred in finding that deference was not warranted for Instruction Memorandum 91-196 and "other BLM authority supported by law, describing the reserved ROWs as common law dedications which ostensibly require an act of acceptance by the public to be realized." *Id.* Lastly, Plaintiffs maintain that "newly discovered evidence" shows that the City "is presently occupying and damaging"

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 2

1  Plaintiffs' properties and warrants reconsideration because that evidence allegedly

2  contradicts "the Courts [sic] acknowledgement of the pipeline, telephone, electrical,

3  and cable facilities located within the alleged reserved ROW area along the northern

4  boundary of Lot 123." *Id.* at 10 (citing ECF No. 50 at 22). Plaintiffs maintain that a

5  new declaration from Plaintiff Mr. Juhnke supports reconsideration. *Id.* In the

6  declaration, Mr. Juhnke avers that the City is "actively trespassing and constructing

7  utilities on my Lot 123." ECF No. 53 at 4.

8      Defendant argues that Plaintiffs themselves acknowledge that, under

9  *Skidmore*, the BLM statements at issue would, "at best, have constituted persuasive,

10 not binding, authority." ECF No. 54 at 2 (citing ECF No. 52 at 4; *Skidmore v. Swift*

11 *& Co.*, 323 U.S. 134, 140 (1944); *Saavedra-Figueroa v. Holder*, 625 F.3d 621, 627

12 (9th Cir. 2010)). Defendant maintains that the Plaintiffs' argument is fatal to

13 Plaintiffs' request for relief under Fed. R. Civ. P. 60(b)(1) "because 'the existence

14 of persuasive authority reaching a contrary result does not establish clear error

15 as necessary to justify reconsideration.'" ECF No. 54 at 3–4 (quoting *Reno v.*

16 *Western Cab Company*, No. 2:18-cv-840-APG-NJK, 2020 WL 2462900, at *4 (D.

17 Nev., May 1, 2020) and citing *Smith v. Clark County School Dist.*, 727 F.3d 950,

18 955 (9th Cir. 2013), and district court orders from around the Ninth Circuit). With

19 respect to Plaintiffs' claim of new evidence, Defendant argues that Plaintiffs do not

20 offer evidence or argument demonstrating that Mr. Juhnke's declaration satisfies the

21 requirements for "newly discovered evidence." *Id.* at 6 (citing *Dixon v. Wallowa*

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 3

*Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003) (articulating elements for reconsideration based on newly discovered evidence)). Defendant argues, in addition, that at summary judgment both parties already presented the Court with evidence regarding the presence of certain utility infrastructure within the right-of-way for Lot 123. *Id.* at 9.

## LEGAL STANDARD

Courts in this Circuit disfavor motions for reconsideration and deny them "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see also* Fed. R. Civ. P. 59(e). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original)).

## DISCUSSION

In seeking reconsideration based on alleged clear error, Plaintiffs argue that the reserved rights-of-way had to be accepted "by the public prior to the Termination of the Small Tract Classification on November 18, 1981." ECF No. 55 at 3. Plaintiffs maintain that the Court erred when it found that there was no

legal support for Plaintiffs' argument that the Termination of Small Tract Classification in 1981 vacated the reserved rights-of-way because the Court should have relied on the Bureau of Land Management's ("BLM") Instruction Memorandum 91-196 for that authority. *See* ECF No. 55 at 4–5.

The Court considered Plaintiffs' arguments that deference to Instruction Memorandum 91-196 was appropriate, albeit not mandatory, at summary judgment and rejected Plaintiffs' arguments. *See* ECF No. 50 at 11–12, 15–17. On reconsideration, Plaintiffs' arguments that the Memorandum is deserving of deference are repetitive of those that the Court already addressed, and Plaintiffs do not cite to any binding authority that the Court disregarded. Moreover, Defendants are correct that caselaw does not support finding clear error based on declining to follow persuasive authority, even had the Court found the BLM memorandum persuasive. *See In re BofI Holding Secs. Litig.*, No. 15-CV-2324, 2017 U.S. Dist. LEXIS 114244, at *14 (S.D. Cal. July 21, 2017) (". . . Plaintiff does not stand on solid ground when it asserts that the magistrate judge committed legal error by declining to follow non-binding precedent in this circuit.").

Plaintiffs raise a new argument in their reply brief that the Court was wrong to conclude that Plaintiffs were on notice "of the existence of the (then expired) reserved" rights-of way because the City "never recorded any deed or other documentation of the waterline existing on Lot 123 and other utilities on Lot 121 to put the Plaintiffs on notice of the same upon their individual purchases." ECF

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 5

No. 55 at 9 (citing Revised Code of Washington § 84.36.210). Even assuming that the state statute that Plaintiffs cite generally requires rights-of-way to be recorded, Plaintiffs do not demonstrate that the state statute has any bearing on the federal question that the Court was resolving: whether the Termination Notice extinguished the rights-of-way contained in the federal land patents at issue. *See* ECF No. 50 at 15. As the Court found:

> The patents for Plaintiffs' lots were executed in 1958 (Lot 121) and 1956 (Lot 123) and provided that the conveyance from the United States to the original buyers was "subject to a right-of-way not exceeding 33 feet in width, for roadway and public utilities purposes" along the boundaries of the lots. *See* ECF Nos. 12-3 at 2; 13-6 at 2. As the City merely accepted, through Ordinance 10-20, an offer of dedication open since the patents were first issued to prior owners of the lots, the Plaintiffs do not show that the City invaded any property interest that Plaintiffs have ever had in their properties." *See Carson Harbor Village Ltd. v. City of Carson*, 37 F.3d 468, 476 (9th Cir. 1994), overruled on other grounds by *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) ("A landowner who purchased land after an alleged taking cannot avail himself of the Just Compensation Clause because he has suffered no injury. The price paid for the property presumably reflected the market value of the property minus the interests taken.").

ECF No. 50 at 22.

Plaintiffs do not demonstrate how the Court erred in its findings regarding the plain language of the land patents or the Court's subsequent determination that there is "no binding [nor] persuasive authority to support that the offers of public dedication contained in the land patents conveying ownership of Lots 121 and 124 were revoked prior to the City's acceptance

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ~ 6

of them." *Id.* at 23. Accordingly, reconsideration is not warranted based on clear error.

With respect to newly discovered evidence, Plaintiffs make no showing that the information contained in Plaintiff Mr. Juhnke's declaration, dated February 24, 2022, was somehow unavailable for presentation to the Court at summary judgment. Rather, Plaintiff could have presented evidence that City infrastructure is located along the boundary of Lot 123, and, as Defendant contends, the parties did exactly that. ECF No. 54 at 9 (citing ECF Nos. 19 at 14; 25 at 6; 29 at 13, 14; 37 at 4). Mr. Juhnke testified during his deposition on April 23, 2021, that a City-owned water line is located along the northern boundary of Lot 123. *See* ECF Nos. 19 at 14; 20-2 at 2, 31–32. The Court cannot decipher from Plaintiffs' brief, or the declarations that they submit from Mr. Juhnke, any other allegedly new evidence. *See* ECF No. 53 at 2 ("There is currently a water pipeline owned by the City of West Richland in the alleged right-of-way area on the northern portion of the property."). Mr. Juhnke's declaration dated February 24, 2022, is not "newly discovered evidence" that warrants reconsideration, because Mr. Juhnke's deposition testimony on April 23, 2021, already stated the same contention.

Accordingly, having found that Plaintiffs have not shown that either clear error or newly discovered evidence supports reconsideration, the Court denies Plaintiffs' Motion for Reconsideration.

/ / /

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Reconsideration, **ECF No. 52**, is **DENIED**.

2. The file in this case shall remain closed.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** March 22, 2022.

                                          *s/ Rosanna Malouf Peterson*
                                  ROSANNA MALOUF PETERSON
                                  Senior United States District Judge